Argued and submitted August 10, 1981, affirmed February 8, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## RALPH JACOB KNIESTEADT,
*Appellant.*

(No. 8004 1036, CA A20620)

640 P2d 642

Douglas W. Moore, Albany, argued the cause for appellant. With him on the brief was Coady & Moore, Albany.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction by a jury for driving under the influence of intoxicants. ORS 487.540. The sole contention is that the court erred in declining to suppress evidence that he refused to submit to a chemical breath test.[1]

■  Defendant was arrested at approximately 2 a.m. and taken by the arresting officer to the county jail, where he was requested to submit to a breath test. Defendant, at his request, was given an opportunity to call his attorney and talked to his attorney by telephone in the presence of the arresting officer. Defendant testified that, following the telephone conversation, he told the officer that his attorney was on the way to the jail and that he wanted to wait until he arrived before deciding whether to take the requested test. The officer testified that defendant said he was not going to take the test unless his lawyer was present. The officer advised defendant of the consequences of a refusal to take the test and of his rights under the implied consent law. He also testified that he considered defendant's request to have his attorney present a refusal. The officer completed processing of defendant and issued him a citation at 3 a.m. Defendant's attorney arrived at the jail shortly afterward. The officer was still present when the attorney arrived but left within a few minutes. He had no contact with defendant or his counsel after the citation was issued.

ORS 487.805(4) provides:

"If a person under arrest refuses to submit to a chemical test under subsection (2) of this section or refuses to consent to chemical tests as under ORS 487.835, evidence of the person's refusal is admissible in any civil or criminal action, suit or proceeding arising out of acts alleged to have been committed while the person was driving a motor vehicle on the highways while under the influence of intoxicants."

---

[1] Defendant also argues that the court erred in submitting to the jury as an issue of fact whether he refused to submit to the test. The only ruling properly designated in the brief is the order denying the motion to suppress. *See* Rules of Appellate Procedure 25.10. We address only the properly designated assignment of error.

Defendant argues that the statutory authority to prove he refused to take the breath test should be denied the state in this instance on two bases. He first contends that his statement that he wanted to wait until his lawyer arrived before deciding whether to submit to the test was not in fact a refusal under the statute. Considering the dissipating nature of the evidence sought by a breath test, a delay in administering the test might have an effect on its validity. What is being tested is the alcoholic content of the accused's blood at the time the test is taken, and the evidence would be offered to establish the probable alcohol content of the accused's blood at the time he was driving. The request to delay the decision whether to take the test and thereby to delay the test if given beyond the time required to make a telephone call to his attorney is properly to be considered a refusal.

■　　　Defendant's second argument is based on *State v. Scharf,* 288 Or 451, 605 P2d 690 (1980). He contends that the breath test is a critical stage of the criminal proceedings brought against him and that he was entitled to meaningful access to counsel in order to make an informed choice whether or not to take the breath test. In *State v. Newton,* 291 Or 788, 636 P2d 393 (1981), the court specifically overruled *Scharf* and held that the denial of an opportunity to consult with counsel prior to submitting to a breath test did not require suppression of the test result. It follows that the lack of an opportunity to have counsel present does not prevent the state from presenting evidence of a refusal to submit to the test.

　　　Affirmed.